# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN STEVEN BIZARRE, | : | CIVIL ACTION NO. 1:18-CV-48 |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| NANCY A. BERRYHILL,<br>Acting Commissioner of the<br>Social Security Administration, | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff John Steven Bizarre ("Bizarre") appeals the decision of the administrative law judge ("ALJ") denying Bizarre's claim for disability insurance benefits and supplemental security income. (Doc. 1). Before the court are Bizarre's complaint and the parties' respective briefs in support of and in opposition thereto; the report of Magistrate Judge Joseph F. Saporito, Jr., recommending that the court deny the appeal; Bizarre's objections to the report; and the response of the Acting Commissioner of Social Security ("Commissioner").

### I. Background

Bizarre protectively filed for disability insurance benefits under Titles II and XVI of the Social Security Act on April 30, 2015. (Doc. 1 ¶ 5; Tr. at 19). His claims were initially denied on August 18, 2015, and he thereafter filed a request for a hearing before an ALJ. (Doc. 1 ¶ 6; Tr. at 74-79, 89-90). The ALJ convened a hearing on August 24, 2016, at which Bizarre appeared with his current counsel. (Doc. 1 ¶ 7; see Tr. at 39-60). In a written decision dated November 29, 2016, the

ALJ denied Bizarre's application for benefits. (Doc. 1 ¶ 8; Tr. at 16-29). Bizarre's request for review before the Appeals Council was denied on November 6, 2017. (Doc. 1 ¶ 10; Tr. at 1, 11-12). The ALJ's decision accordingly stands as the "final decision" of the Commissioner for purposes of judicial review. See 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; (see also Tr. at 1).

Bizarre commenced this action on January 7, 2018, seeking review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The parties briefed the issues on appeal before Magistrate Judge Joseph F. Saporito, Jr., who filed a report on December 17, 2018, recommending that we affirm the Commissioner's decision and deny Bizarre's request for an award of benefits or for a new administrative hearing. Bizarre filed timely objections to the report, and the Commissioner filed a response thereto. The instant appeal is thus ripe for disposition.

## II. Legal Standard

When a party objects to a magistrate judge's report and recommendation, the district court undertakes *de novo* review of the contested portions of the report. See E.E.O.C. v. City of Long Branch, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); see also FED. R. CIV. P. 72(b)(3). In this regard, Local Rule of Court 72.3 requires written objections to "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." LOCAL RULE OF COURT 72.3. We afford "reasoned consideration" to uncontested portions of the report before adopting it as the decision of the court. City of Long Branch, 866 F.3d at 100 (quoting Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)).

### III.  Discussion

Bizarre raises five objections to Judge Saporito's report.  The first four objections go to the merits of the ALJ's decision.  In his fifth objection, Bizarre contends that the ALJ who heard and decided his case was not properly appointed under the Appointments Clause of the United States Constitution, see U.S. CONST. art. II, § 2, cl. 2, entitling Bizarre to remand for rehearing before a constitutionally appointed ALJ.  We find merit in this argument and accordingly need not address the balance of Bizarre's objections.

Bizarre invokes the Supreme Court's recent decision in Lucia v. S.E.C., 585 U.S. ___, 138 S. Ct. 2044 (2018), to support his Appointments Clause challenge.  Plaintiff Raymond J. Lucia ("Lucia") argued that his administrative proceeding before the Securities and Exchange Commission ("SEC") was invalid because the presiding ALJ was not appointed in accordance with the Appointments Clause.  The SEC and Court of Appeals for the District of Columbia Circuit rejected this argument, but the Supreme Court sided with Lucia, concluding that the SEC's ALJs are "inferior officers" of the United States who must be properly appointed.  Lucia, 138 S. Ct. at 2049, 2051-54.  As to the question of remedy, the Court echoed its earlier statement from Ryder v. United States, 515 U.S. 177 (1995): "'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief."  Lucia, 138 S. Ct. at 2055 (quoting Ryder, 515 U.S. at 182-83).  The Court observed that Lucia had made "just such a timely challenge," having raised the Appointments Clause objection before the SEC and

reasserted it before the court of appeals and the Supreme Court.  Id.  The matter was remanded for rehearing before a new, constitutionally appointed ALJ.  Id.

The Commissioner does not dispute that the Social Security Administration's ALJs are inferior officers for purposes of this appeal or that the ALJ in this case was not appointed in accordance with the Appointments Clause.  (See Doc. 23 at 3 n.1). The subject of the dispute is whether Bizarre "timely" raised his Appointments Clause claim as that phrase is utilized in Lucia.  (Doc. 17 at 2 n.1; Doc. 23 at 2-12; Doc. 25 at 7-8; Doc. 26 at 2-6).  The Commissioner urges that Bizarre forfeited judicial review of this claim by failing to raise it before the Social Security Administration.  Judge Saporito adopts the same position in his report and recommendation, determining that "Bizarre waived [the Appointments Clause argument] by failing to raise this issue at the administrative level."  (Doc. 24 at 29-32).  We respectfully disagree.

We acknowledge at the outset that our disagreement breaks from the emerging consensus of federal district courts to address this issue.  That consensus generally holds that we need look no further than Lucia to resolve the question of timeliness.  After all, the Supreme Court held that Lucia's challenge, which Lucia raised "before the Commission, and continued pressing . . . in the Court of Appeals and this Court," was "timely." Lucia, 138 S. Ct. at 2055. Many of the district court decisions comprising the developing majority construe this language as establishing

that an Appointments Clause challenge is timely only when raised and preserved at the administrative level.[1]

We submit that this approach misapprehends <u>Lucia</u>. In <u>Lucia</u>, the Court was not compelled to grapple with the complexities of whether and under what circumstances administrative exhaustion is mandated or when an Appointments Clause claim is forfeited. These issues were not before the Court. Lucia had raised his Appointments Clause challenge before the administrative agency's appellate body—the SEC, on review of its ALJ's decision—and reasserted his challenge before every appellate court. <u>Lucia</u>, 138 S. Ct. at 2055. The majority's statement as to timeliness was not a bright-line demarcation of how and when such a claim must be brought; it simply confirmed the obvious timeliness of the fully preserved and exhausted claim as presented. See <u>Associated Mortgage Bankers, Inc. v. Carson</u>, No. 17-75, 2019 WL 108882, at *5 (D.D.C. Jan. 4, 2019) ("<u>Lucia</u> did not define the scope of what constitutes a timely challenge, as there was no claim in <u>Lucia</u> that the challenge . . . was not timely raised."). Accordingly, our analysis begins with <u>Lucia</u>, but it does not end there.

---

[1] See, e.g., <u>Catherine V. v. Berryhill</u>, No. 17-3257, 2019 WL 568349, at *2 (D. Minn. Feb. 12, 2019); <u>Shipman v. Berryhill</u>, No. 1:17-CV-309, 2019 WL 281313, at *3 (W.D.N.C. Jan. 22, 2019); <u>Velasquez ex rel. Velasquez v. Berryhill</u>, No. 17-17740, 2018 WL 6920457, at *2 (E.D. La. Dec. 17, 2018); <u>Pearson v. Berryhill</u>, No. 17-4031, 2018 WL 6436092, at *4 (D. Kan. Dec. 7, 2018); <u>Davis v. Comm'r of Soc. Sec.</u>, No. 17-CV-80, 2018 WL 4300505, at *8 (N.D. Iowa Sept. 10, 2018), <u>appeal filed</u> (Nov. 14, 2018); <u>see also</u> <u>Abbington v. Berryhill</u>, No. 1:17-552, 2018 WL 6571208, at *2 (S.D. Ala. Dec. 13, 2018); <u>Willis v. Comm'r of Soc. Sec.</u>, No. 1:18-CV-158, 2018 WL 6381066, at *3 (S.D. Ohio Dec. 6, 2018).

We disagree with the Commissioner's interpretation of Lucia as mandating exhaustion at the administrative level, and we are unpersuaded by the argument that Bizarre was otherwise required to raise the Appointments Clause challenge before the agency or risk forfeiture of that claim. The Commissioner does not suggest (and we have found no authority indicating) that a Social Security ALJ would be authorized to resolve or redress a constitutional challenge to his or her own authority. (See generally Docs. 23, 26). Furthermore, the Supreme Court has declined to require issue exhaustion at the Appeals Council level, see Sims v. Apfel, 530 U.S. 103, 112 (2000).

Post-Lucia decisions have reasoned that, even if a claimant is not required to exhaust issues before the Appeals Council, they must raise all issues before the ALJ. The Supreme Court in Sims limited its holding to Appeals Council review and expressly declined to address "[w]hether a claimant must exhaust issues before the ALJ." Sims, 530 U.S. at 107. Several circuit courts have thus held that Sims does not foreclose an issue-exhaustion requirement at the ALJ level. See, e.g., Shaibi v. Berryhill, 883 F.3d 1102, 1109 (9th Cir. 2017), as amended (Feb. 28, 2018) (citing Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999)); Mills v. Apfel, 244 F.3d 1, 4-5 (1st Cir. 2001). Relying on this precedent, post-Lucia district courts have found that

claimants must at minimum raise an Appointments Clause challenge before the ALJ to preserve that issue for judicial review.[2]

Courts imposing an exhaustion requirement before the ALJ have done so in the context of matters fundamentally within the ALJ's purview. For example, in Meanel, a decision cited by several courts foreclosing Lucia claims, the claimant attempted to raise new statistics concerning job numbers in the local economy for the first time before the court of appeals. See Meanel, 172 F.2d at 1115. The court held that "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." Id. A Third Circuit decision on the subject, establishing a general ALJ and Appeals Council "waiver" rule, likewise concerned issues squarely within the agency's general authority: claims of prejudice on the part of the ALJ and a failure to record portions of the testimony. See Ginsburg v. Richardson, 436 F.2d 1146, 1151-52 (3d Cir. 1971), abrogated in part by Sims, 530 U.S. at 112. Requiring ALJ issue exhaustion is quite logical for matters within the expertise of the agency and its ALJs. See Shaibi, 883 F.3d at 1109 (noting that "an agency, its experts, and its administrative law judges are better positioned to weigh conflicting evidence than a

---

[2] See, e.g., Audrey M.H. v. Berryhill, No. 17-CV-4975, 2019 WL 635584, at *12 (D. Minn. Feb. 14, 2019) (citing Anderson v. Barnhart, 344 F.3d 809, 814 (8th Cir. 2003)); Samuel F. v. Berryhill, No. 17-7068, 2018 WL 5984187, at *2 n.6 (C.D. Cal. Nov. 14, 2018) (citing Meanel, 172 F.3d at 1115); Garrison v. Berryhill, No. 1:17-CV-302, 2018 WL 4924554, at *2 (W.D.N.C. Oct. 10, 2018) (same); Davis, 2018 WL 4300505, at *9 (citing Shaibi, 883 F.3d at 1109; Anderson, 344 F.3d at 814), appeal filed (Nov. 14, 2018); see also Sprouse v. Berryhill, No. 17-4922, 2019 U.S. Dist. LEXIS 20109, at *13-14 (D.N.J. Feb. 6, 2019) (collecting cases).

reviewing court"). Conversely, it makes little sense for constitutional questions which ALJs are powerless to decide.

For her part, the Commissioner has not identified a single statute, regulation, or judicial decision indicating that Social Security claimants forfeit judicial review of constitutional claims not raised at the administrative level. The Commissioner contends that her position "draws . . . support" from Social Security regulations tasking claimants to raise issues to be decided by the ALJ, or objections to the particular ALJ hearing a case, at the "earliest . . . opportunity." (Doc. 23 at 10-11 (citing, *inter alia*, 20 C.F.R. §§ 404.939, 404.940)). We do not read these regulations as establishing an explicit jurisdictional exhaust-or-forfeit requirement. Cf. 15 U.S.C. § 78y(c)(1) (issue forfeited if not raised before SEC); 29 U.S.C. § 160(e) (same before National Labor Relations Board ("NLRB")). Moreover, even if Bizarre had objected under 20 C.F.R. § 404.940, which governs requests for "disqualification" of ALJs, the only remedy contemplated by the regulation is reassignment to another ALJ—who also would not have been properly appointed at that time. See 20 C.F.R. § 404.940. In any event, Bizarre *did* raise the issue at the earliest opportunity— within weeks of a Supreme Court decision potentially calling into question all ALJ appointments that do not comport with the Appointments Clause.

In the underlying briefing, the Commissioner cites two Supreme Court cases for the proposition that a plaintiff who fails to raise an Appointments Clause claim during administrative proceedings forfeits the issue: United States v. L.A. Tucker Truck Lines, Inc., 344 U.S. 33 (1952), and Elgin v. Department of Treasury, 567 U.S. 1 (2012). (See Doc. 23 at 2). Neither supports the Commissioner's position. The

8

former concerned a defect in appointment under the Administrative Procedures Act, not the Constitution.  See L.A. Tucker Truck Lines, Inc., 344 U.S. at 35.  The latter involved an attempt to challenge agency action on constitutional grounds in a separate lawsuit in federal district court notwithstanding a statutory scheme that limited judicial review to an appeal before the Federal Circuit.  See Elgin, 567 U.S. at 6-8.

The circuit court decisions cited by the Commissioner are similarly distinguishable.  In D.R. Horton, Inc. v. N.L.R.B., 737 F.3d 344 (5th Cir. 2013), the court was constrained by an explicit jurisdictional exhaustion requirement which provided that, absent "extraordinary circumstances," no court shall consider an issue not raised at the administrative level.  See D.R. Horton, Inc., 737 F.3d at 352 n.5 (quoting 29 U.S.C. § 160(e)).  Intercollegiate Broadcast System, Inc. v. Copyright Royalty Board, 574 F.3d 748 (D.C. Cir. 2009), is also inapposite: the court of appeals found that counsel forfeited the Appointments Clause claim not because he failed to raise it before the board, but because he did not raise it in his opening brief on appeal.  See Intercollegiate Broad. Sys., Inc., 574 F.3d at 755-56.  The court declined to exercise its discretion to waive counsel's forfeiture based on what it perceived to be "hasty, inadequate, and untimely briefing" of the issue.  See id.

We are thus unconvinced by the Commissioner's argument that exhaustion of the Appointments Clause challenge before either the ALJ or the Appeals Council was mandated.  But even assuming that Bizarre should have raised the question at some point in the administrative process to preserve judicial review, the Supreme Court's decision in Freytag v. Commissioner of Internal Revenue, 501 U.S. 868

(1991), provides compelling reasons to excuse any failure to "timely" raise the Appointments Clause claim.

Freytag was central to the Appointments Clause analysis in Lucia. See Lucia, 138 S. Ct. at 2052-54. In Freytag, the Court considered an Appointments Clause challenge to the special trial judges ("STJs") of the United States Tax Court and ultimately determined that the STJs were indeed inferior officers. Freytag, 501 U.S. at 880-82. Before turning to the merits of the constitutional question, the Court addressed the Commissioner of Internal Revenue's argument that the petitioners had waived their Appointments Clause challenge by consenting to assignment of an STJ and objecting for the first time on appeal to the Fifth Circuit Court of Appeals. See id. at 878.

The Court observed that its precedents have included "Appointments Clause objections to judicial officers in the category of nonjurisdictional structural constitutional objections that could be considered on appeal whether or not they were ruled upon below." Id. at 878-79 (citing Glidden Co. v. Zdanok, 370 U.S. 530, 535-36 (1962)). It concluded that the constitutional challenge was "neither frivolous nor disingenuous" and that the alleged defective appointment of the STJ "goes to the validity of the . . . proceeding that is the basis for this litigation." Id. at 879. The Court resolved that the matter before it was "one of those rare cases" in which it should exercise its discretion to hear the ostensibly forfeited Appointments Clause challenge. Id.

This case features many of the same hallmarks underlying Freytag's *ratio decidendi*. The constitutional challenge raised by Bizarre is "neither frivolous nor

disingenuous." Id. Indeed, the President of the United States issued an executive order in the wake of Lucia concluding that "at least some, and perhaps all, ALJs are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause." Exec. Order No. 13843, 83 Fed. Reg. 32755 (July 10, 2018). The Solicitor General circulated guidance post-Lucia stating that "SEC ALJs, and other ALJs who exercise similar powers, are inferior officers and must be appointed as such." OFFICE OF THE SOLICITOR GENERAL, GUIDANCE TO ADMINISTRATIVE LAW JUDGES AFTER LUCIA V. SEC (S. CT.) (July 2018). The Commissioner has elected not to contest the merits of the Appointments Clause challenge before us, briefing the issue on timeliness grounds alone. (See Doc. 23 at 3 n.1). We have little difficulty finding that the constitutional challenge in this matter is neither frivolous nor disingenuous.

Like Freytag, the ALJ's decision impacts the validity of the underlying proceeding. Because the Appeals Council denied Bizarre's request for review, (see Tr. at 1), the final agency decision in this case was issued by an administrative officer whose appointment did not comply with constitutional requirements. This is of particular concern in view of the atypical nature of Social Security proceedings, which often involve unrepresented claimants who are not learned in the law or in the intricate nuance of Social Security programs and regulations, and who rely on the ALJ to "investigate the facts and develop the arguments both for and against granting benefits." Sims, 530 U.S. at 111-12.

The Court in Freytag observed, as some post-Lucia decisions have noted, that "as a general matter, a litigant must raise all issues and objections at trial," and

that a failure to do so risks "disruption to sound appellate process." Freytag, 501 U.S. at 879; see, e.g., Abbington, 2018 WL 6571208, at *6 (quoting Freytag, 501 U.S. at 878-79). We of course do not quarrel with this principle. But it is not clear that the Freytag Court contemplated exhaustion within administrative agencies in its understanding of "sound appellate process." Freytag concerned petitioners' failure to raise an Appointments Clause issue before the United States Tax Court, not an administrative agency.[3] See Freytag, 501 U.S. at 872. Moreover, reading Freytag to require a Social Security claimant to exhaust an Appointments Clause challenge before an ALJ or the Appeals Council would be inconsistent with the Supreme Court's acknowledgment that "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." Califano v. Sanders, 430 U.S. 99, 109 (1977); see also Penner v. Schweiker, 701 F.2d 256, 260-61 (3d Cir. 1983) (quoting Califano, 430 U.S. at 109).

---

[3] For the same reason, we are unpersuaded by the late Justice Scalia's concurrence in Freytag, cited as support in some post-Lucia district court cases. See, e.g., Sprouse, 2019 U.S. Dist. LEXIS 20109, at *15-16 (quoting Freytag, 501 U.S. at 895 (Scalia, J., concurring in part and concurring in the judgment)). Justice Scalia remarked that abandoning the settled requirement that arguments be "raised and considered in the tribunal of first instance" would "encourage the practice of 'sandbagging': suggesting or permitting, for strategic reasons, that the trial court pursue a certain course, and later—if the outcome is unfavorable—claiming that the course followed was reversible error." Freytag, 501 U.S. at 895 (Scalia, J., concurring in part and concurring in the judgment). Like the majority, Justice Scalia focused his concerns on circumvention of traditional judicial review processes, noting that forfeiture rules in the Federal Rules of Civil Procedure and Federal Rules of Criminal Procedure "reflect the principle that a trial on the merits, whether in a civil or criminal case, is the 'main event,' and not simply a 'tryout on the road to' appellate review." Id. at 894-95. To put a fine point on it, his concern was for "judicial administration," not administrative exhaustion. See id. at 895.

To whatever extent Freytag's concern with "disruption" applies in the instant case, any such disruption is *de minimis*. The Appointments Clause issue has been raised to the first court before which Bizarre could present it, within weeks of the Supreme Court decision that undergirds his claim. (See Doc. 17). Our interpretation of Freytag suggests that hearing the Appointments Clause claim at this stage is not only permissible but appropriate.[4]

The Commissioner argues that the Court's use of the phrase "rare cases" in Freytag signals that entertainment of an unexhausted Appointments Clause claim should be the exception rather than the rule. (See Doc. 23 at 4-5). Other courts have found support in this language, determining that a post-Lucia Appointments Clause challenge is not the "rare" circumstance warranting excusal of forfeiture. See, e.g., Abbington, 2018 WL 6571208, at *7; see also Faulkner v. Comm'r of Soc. Sec., No. 1:17-CV-1197, 2018 WL 6059403, at *2-3 & n.1 (W.D. Tenn. Nov. 19, 2018).

---

[4] We note that, although we part with the majority of district courts to confront this issue, we are not alone in finding merit in this approach. Magistrate judges in three cases have issued reports which recommend that the district court consider Appointments Clause challenges raised for the first time on judicial review. See Fortin v. Comm'r of Soc. Sec., No. 18-10187, 2019 WL 421071 (E.D. Mich. Feb. 1, 2019) (pending report and recommendation awaiting district court disposition); Muhammad v. Berryhill, No. 2:18-CV-172, Doc. 25 (E.D. Pa. Nov. 2, 2018) (same); Godschall v. Comm'r of Soc. Sec., No. 2:18-1647, Doc. 12 (E.D. Pa. Nov. 2, 2018) (same). These decisions also reject an administrative exhaustion requirement for post-Lucia Appointments Clause challenges and opine that, to whatever extent exhaustion is required, failure to do so should be excused. One district court, in connection with a remand on other grounds, exercised its discretion under Freytag to excuse potential forfeiture of the Appointments Clause claim, permitting the plaintiff to challenge the ALJ's appointment on remand. See Mann v. Berryhill, No. 4:18-CV-3022, 2018 WL 6421725, at *8 (D. Neb. Dec. 6, 2018) (quoting Freytag, 501 U.S. at 879-80).

We agree with the Commissioner that the Freytag Court did not open the door for every untimely Appointments Clause challenge. See Freytag, 501 U.S. at 893-94 (Scalia, J., concurring in part and concurring in the judgment). And we do not intend this opinion to suggest otherwise. Three points, each explored *passim*, support our finding that this is "one of those rare cases" in which exercise of our discretion is warranted. First, the Commissioner has identified no authority, and we have found none, suggesting that the agency's ALJs could resolve constitutional challenges to their own appointment. In fact, after Lucia, the agency explicitly instructed its ALJs to document but decline to address any Appointments Clause challenges raised at that level of review. See U.S. SOC. SEC. ADMIN., EM-180003 REV 2 (Feb. 6, 2019). Second, although claimants may raise constitutional challenges before the Appeals Council, they are not required to do so. See Sims, 530 U.S. at 112. And third, unlike some other agencies, cf. 15 U.S.C. § 78y(c)(1) (SEC); 29 U.S.C. § 160(e) (NLRB), the Social Security Administration has no statutory analogue warning its claimants that failure to raise a constitutional question before the agency may risk forfeiture of the issue.[5]

---

[5] We reject the Commissioner's reliance on a recent nonprecedential decision of the Ninth Circuit, on review of an SEC order, holding that petitioners had "forfeited their Appointments Clause claim by failing to raise it in their briefs or before the agency." Kabani & Co., Inc. v. U.S. Sec. & Exch. Comm'n, 733 F. App'x 918, 919 (9th Cir. 2018) (nonprecedential) (quoting Lucia, 138 S. Ct. at 2055, for its "timely challenge" language). The Securities and Exchange Act explicitly states: "No objection to an order or rule of the [SEC], for which review is sought under this section, may be considered by the court unless it was urged before the [SEC] or there was reasonable ground for failure to do so." 15 U.S.C. § 78y(c)(1).

For all of these reasons, we do not believe that Bizarre was required to raise his constitutional claim before the ALJ or the Appeals Council in the first instance or that failure to do so worked a forfeiture of that claim. But even if the decisions explored *passim* could be read to create an administrative exhaustion requirement for Appointments Clause challenges in every case, the nature of the Social Security Administration and its review process, combined with the general preference for disposition of such constitutional questions by federal courts rather than federal agencies, support an exercise of our discretion under Freytag to remand this case for rehearing before a constitutionally appointed ALJ.

**IV. Conclusion**

We will remand this matter for rehearing before a constitutionally appointed ALJ. It is our understanding that the Social Security Administration has ratified the appointment of all Social Security ALJs. We will follow the approach of the Supreme Court in Lucia and order that the rehearing be conducted by a different, constitutionally appointed ALJ. See Lucia, 138 S. Ct. at 2055. An appropriate order shall issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: March 4, 2019